UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACQUES BOUTTE | * | CIVIL ACTION NO. |
| *Complainant* | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAGISTRATE |
| LAFITTE GUEST HOUSE PROPERTY, | * | |
| L.L.C., FRENCHMEN HOTEL | * | JUDGE |
| PROPERITES, L.L.C. & HUGH STIEL | * | |
| *Defendants* | * | |
| ************************************ | | |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jacques Boutte, a person of the age of majority domiciled in the State of Louisiana, who files this Complaint based on the allegations set forth below:

## Named Defendants

1.

Made Defendants herein are:

a. Lafitte Guest House Property, L.L.C., a domestic limited liability company authorized to do and doing business in the State of Louisiana;

b. Frenchmen Hotel Properties, L.L.C., a domestic limited liability company authorized to do and doing business in the State of Louisiana;

c. Hugh Stiel, a natural person of the age of majority who is a domiciled in the State of Louisiana and whose address is believed to be 1750 Saint Charles Avenue, Apt. 501, New Orleans, Louisiana 70130.

**Jurisdictional Allegation**

2.

Jurisdiction in this case is based on the existence of a federal question.  The action arises under the Age Discrimination in Employment Act ("ADEA") codified at 29 U.S.C. §623, as is shown more fully in this complaint.  Moreover, pursuant to 28 U.S.C. §1367, supplemental jurisdiction exists over Plaintiff's state based age discrimination claims arising under La.R.S. 23:312.

**Venue Allegation**

3.

Venue is proper under 28 U.S.C. §1391 on the basis that all of the defendants are residents of this district and the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**Factual allegations**

4.

From approximately March 2013 to October 2013, Plaintiff was employed as the General Manager for the Lafitte Guest House and Frenchmen Hotel in New Orleans, Louisiana, which said properties are owned and operated by Lafitte Guest House Property, L.L.C. and Frenchmen Hotel Properties, L.L.C., respectively.

5.

During the course of his employment, Plaintiff was never the subject of any disciplinary action.

6.

Plaintiff was recruited for the General Manager of the hotel properties by Defendant, Hugh Stiel, who is listed as the only member/officer of Lafitte Guest Property, L.L.C. and Frenchmen Hotel Properties, L.L.C.

7.

Hugh Stiel offered Plaintiff a $60,000.00 annual salary with fully covered health and dental insurance.

8.

At the time, Plaintiff accepted the General Manager position, he had not been required to complete a job application or provide any other information that would have disclosed his age.

9.

For the first four (4) months that Plaintiff was working as General Manager for the two hotel properties, he did not receive paid health and dental insurance coverage.

10.

After numerous inquiries were made by Plaintiff about not receiving health and dental coverage, Hugh Stiel advised during a July 2013 meeting that he had unsuccessfully attempted to obtain insurance coverage for Plaintiff through one of the unrelated fast food franchises that he owned.

11.

At the same aforesaid July 2013 meeting, Hugh Stiel stated that Plaintiff would need to purchase his own health and dental coverage and that he would be reimbursed for his monthly out of pocket premium payments.

12.

During the same July 2013 meeting Hugh Stiel asked Plaintiff his age and upon finding out Plaintiff was fifty-two (52), Hugh Stiel stated, "if I would have known you were that old, I would have never hired you."

13.

Following the meeting, Plaintiff did purchase his own health and dental insurance coverage, but instead of being fully reimbursed, as promised by Hugh Stiel, Plaintiff was only reimbursed half of his monthly premiums.

14.

As of October 2013, Plaintiff, in his position as General Manager, had been successful in bringing up occupancy rates by 20% at both hotel properties.

15.

Despite Plaintiff's success as General Manager, Hugh Stiel suddenly and without warning terminated Plaintiff's employment from Lafitte Guest House and Frenchmen Hotel on October 24, 2013 by way of an email.

16.

Plaintiff, who had just turned fifty-three (53), was terminated because of his age.

17.

At the time of his termination, Plaintiff was well qualified for the position of General Manager based on an extensive and exemplary career in hotel management dating back to 1997.

18.

Plaintiff had never previously been terminated from a job in the entire course of his professional career.

19.

Following Plaintiff's termination, he was replaced by a much younger employee in her mid-thirties, whose name is believed to be Christina Claunch.

20.

Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on the grounds that he was wrongly discharged on the basis of age.

21.

On September 21, 2015, the EEOC mailed a "Right to Sue Notice", which Plaintiff received on September 24, 2015.

22.

Following his termination, Plaintiff was unable to obtain regular full time employment for a substantial period of time and still has not been able to return to the same level income he was making while employed by Defendants.

23.

As a result of the termination, Plaintiff has suffered significant financial hardships, including damage to what had been an excellent credit rating and threats of foreclosure on his home and repossession of his vehicle.

24.

Plaintiff has also suffered significant emotional distress as a result of the termination and more particularly the sudden and malicious manner in which Hugh Stiel went about terminating Plaintiff's employment.

25.

Pursuant to La.R.S. 23:303, on November 18, 2015, Plaintiff, through undersized counsel, provided written notice of his intent to file suit against Defendants for wrongful termination based on age discrimination. In further compliance with La.R.S. 23:303, Plaintiff submitted a settlement demand.

26.

Despite La.R.S. 23:303's requirement to "make a good faith effort to resolve the dispute prior to initiating court action," Defendants failed to enter into any settlement negotiations.

**Claims for Relief**

27.

Plaintiff was willfully and wrongfully discharged based on his age in violation of both 29 U.S.C. §623 and La.R.S. 23:312.

At the time of his involuntary discharge, Plaintiff was over forty (40) years of age and within the protected age group under the ADEA and La.R.S. 23:311.

28.

At the time of his involuntary discharge, Plaintiff was qualified for the job he was employed to perform.

29.

At the time of his involuntary discharge, Plaintiff was replaced by a person below forty (40) years of age and who is outside the protected age group set forth under the ADEA and La.R.S. 23:311.

30.

Defendants, Lafitte Guest House Property, L.L.C. and Frenchmen Hotel Properties, L.L.C. are liable under the ADEA and/or Louisiana law for all of the following:

a. Total lost wages for the period that Plaintiff was unemployed following his termination until he obtained a full time regular job;

b. Past, present, and future reduction in income earning between what Plaintiff earned at his prior job with Defendants compared to his present earnings;

c. Loss of employee benefits, including medical and dental insurance;

d. Past, present, and future mental anguish and emotional distress;

e. Liquidated and/or double damages based on Defendants' willful violation of the ADEA as provided for under 29 U.S.C. §626(b);

f. Attorney's fees and costs, pursuant to 29 U.S.C. §216(b) (as incorporated by 29 U.S.C. §626(b) and La.R.S. 23:303

31.

Additionally, Hugh Stiel is liable in fraud based on his intentional misrepresentation that Plaintiff would be provided health and dental insurance coverage through his employment with Lafitte Guest House Property, L.L.C. and Frenchmen Hotel Properties, L.L.C.

32.

Out of an abundance of caution, Plaintiff further maintains that he is entitled to a determination/declaratory judgment that La.R.S. 23:303, as currently written, is unconstitutional and cannot be enforced to limit, restrict, or otherwise bar Plaintiff's state based age discrimination claim asserted in this matter.

33.

Plaintiff specifically alleges that La.R.S. 23:303 contains irreconcilable provisions. On the one hand, the statute provides that the one year prescriptive period for discrimination based

claims "**shall be suspended during the pendency of any administrative review** or investigation of the claim conducted the federal Equal Employment Opportunity Commission or the Louisiana Commission of Human Rights." However, the statute goes on to state, "[n]o suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months."

34.

Thus, the conflicting provisions results in the potential extinguishment of a state based anti-discrimination claim before a claimant has exhausted their administrative rights. Indeed, this conflict is specifically problematic where a claimant **must** exhaust administrative remedies prior to instituting any federal based anti-discrimination claims.

35.

Accordingly, La.R.S. 23:303 is unconstitutional in that:

a. It is unreasonably vague as to whether the one year prescriptive period for state based anti-discrimination claims is suspended during the pending of any administrative hearing or is limited to a six month suspensive period, regardless of the pendency of any administrative review, such that a reasonable person, including Plaintiff, cannot discern when their state based claim extinguishes, thereby constituting a due process violation under Amendments 5 and 14 of the U.S. Constitution and Article 1 Section 2 of the Louisiana Constitution;

b. It provides for an unreasonably shortened suspensive period, which deprives litigants, including Plaintiff, of being able to assert state based claims of discrimination, prior to completing an administrative review, thus denying their constitutional right to

    access to the courts, including as specifically mandated by Article 1 sections 9 and 22 of the Louisiana Constitution; and

c.  It unfairly and arbitrarily discriminates against Plaintiff and similarly situated litigants without any legitimate or rational basis for doing so in violation of the constitutional guarantees of equal protection as provided under the 14th Amendment of the United State Constitution and Article Section 3 of the Louisiana Constitution.

### Jury Demand

36.

Plaintiff desires to have this case tried by a jury and asserts that his claims against Defendants exceed the requisite amount for a trial by jury.

WHEREFORE, Plaintiff prays that after due proceedings are had that there be judgment in favor of Jacques Boutte and against Defendants, Lafitte Guest House Property, L.L.C., Frenchmen Hotel Properties, L.L.C. and Hugh Stiel, individually, for all damages pled herein, including but not limited to, general damages, special damages, penalties, attorney's fees, costs, interest from date of demand, and all other equitable relief deemed appropriate by this Honorable Court.

Respectfully Submitted,

CHAUVIN LAW FIRM, LLC

s/ Charles K. Chauvin
CHARLES K. CHAUVIN (#27403)
1904 Ormond Blvd., Ste. 203
Destrehan, LA 70047
Tel: (985) 307-0281
Fax: (888) 410-8523
Email: charlie@chauvinlaw.com