UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUES BOUTTE** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-7005** |
| **LAFITTE GUEST HOUSE PROPERTY, L.L.C., ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's state law claims as time barred. Plaintiff has filed an opposition arguing that his state law claims should not be dismissed either because (1) defendants misinterpret Louisiana Revised Statute § 23:303, which sets forth the prescriptive period for employment discrimination claims such as plaintiff's, or (2) if defendants have not misinterpreted the statute, then it is unconstitutional. For the following reasons, the Court holds that defendants correctly interpret the prescription statute, the statute is not unconstitutional, and that plaintiff's state law claims must therefore be dismissed as time barred.

### BACKGROUND

The relevant facts are not in dispute. Plaintiff, Jacques Boutte ("Boutte"), was employed by defendants, Lafitte Guest House Property, L.L.C., Frenchmen Hotel Properties, LLC, and Hugh Stiel, for approximately seven months between March and October 2013. His employment was terminated on October 24, 2013. Four months later, on February 25, 2014, Boutte submitted an age discrimination charge to the Equal Employment Opportunity Commission ("EEOC") claiming

---

[1] R. Doc. No. 5.

that he was terminated by defendants solely as the result of his age. The EEOC completed its review and issued a "Right to Sue" letter to Boutte on September 21, 2015. More than two years after his termination, on December 23, 2015, Boutte filed the above-captioned action in this Court asserting age discrimination in violation of the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:301, *et seq*. and the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 623.[2]

Defendants filed their motion to dismiss Boutte's state law claims as untimely on February 25, 2016, but upon Boutte's motion the Court continued[3] the submission date to April 20, 2016 in order to afford adequate time for the Louisiana Attorney General to intervene on the constitutional question. While pursuant to Rule 5.1(c) of the Federal Rules of Civil Procedure this Court is not permitted to enter a final judgment holding the prescription statute unconstitutional until either the Attorney General intervenes or until the time to intervene expires on May 16, 2016, the Court may reject the constitutional challenge before the time to intervene expires. Fed. R. Civ. P. 5.1(c). Accordingly, the Court's rejection of Boutte's constitutional arguments is timely.

## LAW AND ANALYSIS

### I. Rule 12(b)(6) standard

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*,

---

[2] R. Doc. No. 1, at 2.
[3] R. Doc. No. 11.

2

197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

"[P]rescription is a proper reason for granting a Rule 12(b)(6) motion to dismiss. . . ." *Snow v. Cracker Barrel Old Country Store, Inc.*, No. 15-02375, 2015 WL 5276772, at *2 (E.D. La. Sept. 8, 2015) (Engelhardt, J.); *see also Tigert v. Am. Airlines Inc.*, 390 F. App'x 357, 358 (5th Cir. 2010) (affirming dismissal of time-barred claim under 12(b)(6)). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. *Bustamento v. Tucker*, 607 So. 2d 532 (La. 1992). Generally, the party asserting prescription has the burden of proof. *Imbornone v. Tchefuncta Urgent Care, Inc.*, No. 11-3195, 2012 WL 3440136, at *4 (E.D. La. Aug. 15, 2012) (Milazzo, J.) (citing *Titus v. IHOP Rest., Inc.*, 25 So. 3d 761, 764 (La. 2009)). When a claim is prescribed on the face of the complaint, however, the burden shifts to the plaintiff to show an interruption or suspension of prescription. *Id*.

**II.   Analysis**

    **A.  Defendants correctly interpret Section 23:303(D)**

"Louisiana Revised Statute [§] 23:303 sets forth the prescriptive period for an employment discrimination claim."[4] *Ringo v. Winn-Dixie Louisiana, Inc.*, No. 03-2968, 2004 WL 737481, at *1 (E.D. La. Apr. 5, 2004) (Vance, J.).  La. Rev. Stat. § 23:303(D) provides:

> Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year.  However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights ["LCHR"].  No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

This one-year prescriptive period begins to run from the date of notice of termination.  *Eastin v. Entergy Corp.*, 865 So.2d 49, 54 (La. 2004).  The U.S. Fifth Circuit Court of Appeals and this Court have repeatedly recognized that Section 23:303(D) provides for a maximum prescriptive period of eighteen months.  *See, e.g., Williams v. Otis Elevator Co.*, 557 F. App'x 299, 302 (5th Cir. 2014) ("The Louisiana anti-discrimination statute has a prescriptive period of one year, which can be suspended for a maximum of six months during the pendency of a state or federal administrative investigation."); *Lefort v. Lafourche Par. Fire Prot. Dist. No. 3*, 39 F. Supp. 3d 820, 825 (E.D. La. 2014) (Vance, J.) ("Consequently, the Louisiana disability discrimination statute requires a plaintiff to file suit on his discrimination claim no later than eighteen months after the occurrence forming the basis for the claim.") (internal quotations omitted); *Bellow v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 913 F. Supp. 2d 279, 289 (E.D. La. 2012) (Barbier, J.) ("Therefore, the total amount of time that a plaintiff has to bring a claim under Louisiana Revised Statute [§] 23:322 is eighteen months."); *accord Wilson v. Bd. of Sup'rs of Louisiana State*

---

[4] A prescriptive period is the civil law equivalent of a statute of limitations.  *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 n. 15 (5th Cir.2009).

4

*Univ. Agr. & Mech. Coll.*, 2014-0074, 2016 WL 1394237 (La. App. 1 Cir. 2016) ("[A complainant's employment discrimination claim] has a one-year prescriptive period, which may be extended up to a total of eighteen months, if the complainant has filed a complaint with the EEOC or the LCHR.").

In the face of this authority and without citation to a single supportive case, Boutte argues that Section 23:303(D) should be read to toll the prescriptive period for the entire duration of administrative proceedings.[5]  He claims that the six-month limitation does not limit the prescriptive period to a total of eighteen months, but it instead operates only to limit the prescriptive period to six months upon the completion of the administrative review process.[6]

Contrary to Boutte's assertions, however, Section 23:303(D) is not susceptible to such an interpretation.  Indeed, this Court's interpretation of Section 23:303(D) is compelled by the plain meaning of the statute.  *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015) ("First, under traditional rules of statutory interpretation, we look at the plain meaning of the statutory language.").  Boutte's arguments for a different interpretation of Louisiana Revised Statute § 23:303(D) are therefore rejected.  Because Boutte admittedly initiated the above-captioned action more than eighteen months from the last allegedly discriminatory act committed by defendants, his state law discrimination claims must be dismissed unless the prescription statute is unenforceable as violative of the U.S. Constitution.  Boutte claims that Section 23:303(D) violates both the Constitution's guarantee of equal protection as well as his right to due process.[7]  Both arguments fail.

---

[5] R. Doc. No. 15, at 6.
[6] R. Doc. No. 15, at 7.
[7] Although Boutte only addresses the U.S. Constitution in his briefing, he also invokes arguments under the Louisiana Constitution in his complaint, R. Doc. No. 1, at 8-9, and in his notice of constitutional challenge, R. Doc. No. 9, at 2-3.  Because "[t]he due process and equal protection

5

### B. Section 23:303(D) violates neither equal protection nor due process

To prove an equal protection violation, Boutte must show (1) that he has been treated differently by the state from others similarly situated and (2) that there is no rational basis for the difference in treatment. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007). Boutte argues that Section 23:303(D) lacks a "rational basis" because "on average the EEOC takes 10 months to conduct and complete an investigation," and "[w]hat possible rationale could there be in providing a suspension of prescription during the pendency of administrative review only to arbitrarily take suspension away after 6 months, well short of the average length of EEOC investigations?"[8] He asserts that the statute is unconstitutional because "[Boutte] loses his right of access to the courts [simply] because he does exhaust the administrative remedy offered under the law instead of just rushing to file suit."[9]

In short, Boutte has not been treated differently by the state from others similarly situated. Section 23:303(D) treats individuals who file administrative claims with the EEOC or the LCHR before initiating a civil action no differently than individuals who choose to pretermit the administrative process and proceed directly to court. As defendants explain in their opposition, the LEDL does not require that administrative remedies be exhausted before filing suit.[10] *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012) ("[Defendant] concedes, however, that the Louisiana Employment Discrimination Law (LEDL) . . . requires no federal or state administrative charge as a precondition to a civil action."); *Bell v. Hercules Liftboat Co., LLC*, No.

---

clauses in the federal Constitution are analogous to those contained in the [Louisiana] state constitution," *Montagino v. Canale*, 792 F.2d 554, 557 (5th Cir. 1986), the Court's conclusion that Section 23:303(D) does not violate the U.S. Constitution applies equally to the Louisiana Constitution.

[8] R. Doc. No. 15, at 9-10.
[9] R. Doc. No. 15, at 9.
[10] R. Doc. No. 18, at 2.

11-332-JJB, 2011 WL 2883104, at *2 (M.D. La. July 15, 2011) ("[U]nder Louisiana [law] an aggrieved employee need not file a charge with the EEOC or any other agency prior to filing suit against its employer for discrimination or retaliation."); *accord Coutcher v. Louisiana Lottery Corp.*, 710 So.2d 259 (La. App. 1 Cir. 1997)).

Boutte's decision to initiate an administrative proceeding in no way affected his right to file an LEDL claim in court and he was not, as he claims, "penalized by a delay that [was] beyond [his] control."[11] The fact that the EEOC's investigation of Boutte's claim lasted nineteen months does not change this result.

In addition, Boutte's equal protection argument fails because there is a rational basis for limiting the prescriptive period for employment discrimination claims to eighteen months even where administrative investigations may exceed that time frame. The rational basis review bar is

---

[11] R. Doc. No. 15, at 5. It is true that Boutte may not have been able to assert his LEDL claims in *federal* court before the EEOC concluded its investigation. This is because the ADEA requires the exhaustion of administrative remedies before a lawsuit can be filed, *Walton-Lentz*, 476 F. App'x at 569, and, absent diversity jurisdiction, a federal court would not have subject matter jurisdiction over a state law discrimination claim. But he could have filed his action in state court and requested a stay while pursuing administrative relief on his federal claims. *Lefort*, 39 F. Supp. 3d at 825 (Vance, J.) ("Plaintiff could have filed his action in state court and obtained a stay while pursuing his [federal] remedies [in the EEOC proceeding]."); *Rivera v. State of Louisiana*, No. 04-3327, 2006 WL 901826, at *7 (E.D. La. Mar. 31, 2006) (Chasez, M.J.) ("Further, no action taken by the defendant prevented plaintiff from filing suit in state court and asking for a stay [of the state law claims] pending the exhaustion of administrative remedies.").

Even if Boutte was unable to obtain such a stay, the prescription statute would not thereby be rendered unconstitutional. The fact that a state prescription statute may under some circumstances deprive a plaintiff of a federal forum for his state law discrimination claims does not render the prescription statute unconstitutional. Indeed, the Fifth Circuit has repeatedly held that "federal administrative claims filed with the . . . EEOC . . . do not [automatically] interrupt prescription for state law claims." *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366, 368 (5th Cir. 2004). It follows that a state prescription statute may permissibly require a plaintiff with a pending administrative claim to file suit in state court in order to avoid the expiration of his state law claims. This is certainly true where, as here, there is no requirement that plaintiff exhaust his administrative remedies before seeking relief on his state law claims. *See Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 399 (5th Cir. 1998) ("If there is no exhaustion requirement, there is no need to toll the statute [of limitations].").

7

low: "The question is only whether a rational relationship exists between the [policy] and a *conceivable* legitimate governmental objective." *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174-75 (5th Cir. 1996). "If the question is at least debatable, there is no substantive due process violation." *Id.* at 175. The U.S. Supreme Court has stated that "[a] State's interest in regulating the work load of its courts and determining when a claim is too stale to be adjudicated certainly suffices to give it legislative jurisdiction to control the remedies available in its courts by imposing statutes of limitations." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 730 (1988). None of the arguments advanced by Boutte convince the Court that there is no rational relationship between Section 23:303(D) and this legitimate government objective.

Turning to Boutte's assertion that the prescription statute violates his right to due process, the Court first observes that Boutte advances no specific arguments addressing how Section 23:303(D) denied him that right. Nevertheless, for the same reasons outlined above, it is clear that Boutte's right to due process was not violated by the statute at issue. *See Doe v. Jindal*, No. CV 15-1283, 2015 WL 7300506, at *7 (E.D. La. Nov. 18, 2015) (Vance, J.) (citing *Exec. Air. Taxi Corp. v. City of Bismarck, N.D.*, 518 F.3d 562, 569 (8th Cir. 2008)) ("A rational basis that survives equal protection scrutiny also satisfies substantive due process.").

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion to dismiss Boutte's state law claims is **GRANTED**, and that those claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, April 28, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

8